**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000858
30-NOV-2018
08:17 AM**

NO. CAAP-16-0000858

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

THOMAS FRANK SCHMIDT and LORINNA JHINCIL SCHMIDT,
Plaintiffs-Appellants/Cross-Appellees, v. HSC, INC., a
Hawaii corporation; RICHARD HENDERSON, SR.; ELEANOR R.J.
HENDERSON, Defendants-Appellees/Cross-Appellants, and
JOHN DOES 1-10; JANE DOES 1-10; DOE CORPORATIONS 1-10;
and DOE UNINCORPORATED ASSOCIATIONS, INCLUDING
PARTNERSHIPS 1-10, Defendants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 06-1-228)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Fujise and Leonard, JJ.)

Plaintiffs-Appellants Thomas Frank Schmidt and Lorinna Jhincil Schmidt (**the Schmidts**) appeal from the December 6, 2016 Final Judgment (**Final Judgment**) entered by the Circuit Court of the Third Circuit (**Circuit Court**).[1] The Schmidts also challenge the Circuit Court's October 19, 2016 Findings of Fact and Conclusions of Law (**FOFs and COLs**). In the FOFs and COLs and the the Final Judgment, the Circuit Court dismissed the Schmidts' claims and entered judgment in favor of Defendants-Appellees HSC,

---

[1] The Honorable Greg K. Nakamura presided.

Inc. (**HSC**), Richard Henderson, Sr. (**Richard**), and Eleanor R.J. Henderson (**Eleanor**) (collectively, **Appellees**), on the grounds that the Schmidts' cause of action was time-barred pursuant to Hawaii Revised Statutes (**HRS**) § 651C-9(1) (2016).[2] Appellees cross-appeal and challenge the Circuit Court's December 8, 2016 Order Granting in Part and Denying in Part [Appellees's] Motion for Attorneys' Fees and Costs (**Attorneys' Fees Order**).

The Schmidts raise four points of error, contending that the Circuit Court: (1) clearly erred in entering FOFs 5, 13, 19, 21, 22, and 23; (2) erred in entering COLs 6, 8, 9, and 10; (3) erred in entering judgment in favor of Appellees; and (4) erred in awarding costs to Appellees. Appellees raise two points of error in their cross-appeal, contending that the Circuit Court erred by denying their request for attorneys' fees pursuant to HRS § 607-14 based on a conclusion their claims were not in the nature of assumpsit.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve the parties' points of error as follows:

---

[2]     HRS § 651C-9 states, in relevant part:

   **§ 651C-9 Extinguishment of cause of action.** A cause of action with respect to a fraudulent transfer or obligation under this chapter is extinguished unless action is brought:
   (1)   Under section 651C-4(a)(1), within four years after the transfer was made or the obligation was incurred or, if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant[.]

(1) This court reviews the Circuit Court's findings of fact under the clearly erroneous standard. Beneficial Hawai'i, Inc. v. Kida, 96 Hawai'i 289, 305, 30 P.3d 895, 911 (2001).

> A finding of fact is clearly erroneous when, despite evidence to support the finding, the appellate court is left with the definite and firm conviction in reviewing the entire evidence that a mistake has been committed. A finding of fact is also clearly erroneous when the record lacks substantial evidence to support the finding. We have defined substantial evidence as credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion.

Id. (internal citations, quotations marks, brackets omitted; format altered).

Notwithstanding the Schmidts' argument that FOFs 5 and 13 are each incomplete, FOFs 5 and 13 are each supported by the record and not clearly wrong. We reject the Schmidts' unsupported contention that FOF 19 is inconsistent with FOFs 15-18. We also reject the Schmidts' argument that FOFs 19, 21, 22, and 23 are based on speculation and therefore clearly erroneous. The Circuit Court was tasked with determining when the fraudulent nature of the subject transfers could reasonably have been discovered by the Schmidts. See Schmidt v. HSC, Inc., 131 Hawai'i 497, 319 P.3d 416 (2014) (**Schmidt I**) and Schmidt v. HSC, Inc., 136 Hawai'i 158, 358 P.3d 727 (App. 2015) (**Schmidt II**). Accordingly, we conclude that the Circuit Court did not err in making findings that aided in its determination of how and when the fraudulent nature of the subject transfers could reasonably have been discovered by the Schmidts, and we are not left with a definite and firm conviction that, based on all of the evidence, mistakes were made in these findings.

3

(2)   In challenging COLs 6, 8, 9, and 10, the Schmidts largely reassert the arguments they made regarding their contentions of error with respect to the FOFs, which we have rejected.  The Schmidts also cite to a number of exhibits from trial that they claim support the course of discovery they pursued, but they fail to cite to the appellate record to identify those exhibits.  See Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 114 n.23, 176 P.3d 91, 113 n.23 (2008) ("This court is not obligated to sift through the voluminous record to verify an appellant's inadequately documented contentions." (citation omitted)).  More importantly, the Schmidts make numerous statements regarding the course of proceedings below with reference to the exhibits, but fail to explain or argue how they are significant with respect to the Circuit Court's FOFs or COLs regarding the Schmidts' delayed discovery regarding the fraudlent nature of the subject transfers and their failure to file their complaint within the applicable statute of limitations.

In addition, the Schmidts argue the COLs are in error because they did not actually discover the fraudulent nature of the Transfers until July 26, 2005 during the Chagami deposition. As noted above, the Circuit Court on remand was required to determine when the Schmidts discovered, or could reasonably have discovered, the "fraudulent nature" of the transfers. See Schmidt I, 131 Hawai'i at 511-12, 319 P.3d at 430-31; Schmidt II, 136 Hawai'i at 179-80, 358 P.3d at 748-49. In Schmidt I, the Hawai'i Supreme Court explained that in the context of the entire

4

Hawaii's Uniform Fraudulent Transfer Act (**HUFTA**) (HRS chapter 651C), the rule that the statute of limitations begins to run upon the discovery of the fraudulent nature of a potential transfer (the discovery rule) was intended "to preserve fraud claims when [claimants] <u>could not have discovered</u> the existence of those claims prior to the expiration of the statute of limitations." 131 Hawai'i at 507-08, 319 P.3d at 426-27 (emphasis added).

The Hawai'i Supreme Court in <u>Schmidt I</u> was persuaded by the Washington Supreme Court's analysis in <u>Freitag v. McGhie</u>, 947 P.2d 1186 (Wash. 1997), wherein that court also explained that the "discovery rule" was incorporated into the UFTA statute of limitations from its predecessor statute. <u>Id.</u> at 1189. Also embedded within the discovery rule in Washington law was the principle that "actual knowledge of the fraud was inferred if the aggrieved party, through the exercise of due diligence, could have discovered it." <u>Id.</u> (citation omitted). This principle is similar to Hawaii's own jurisprudence regarding the statute of limitations for generic fraud claims. The supreme court has instructed that with respect to such claims, "[t]he discovery rule states that the statute of limitations begins running when the plaintiff knew or should have known of the damage." <u>Thomas v. Kidani</u>, 126 Hawai'i 125, 133, 267 P.3d 1230, 1238 (2011). However, the discovery rule is limited by the imposition of a duty upon the injured party to conduct a "reasonably diligent inquiry." <u>See</u> <u>Vidinha v. Miyaki</u>, 112 Hawai'i 336, 341, 145 P.3d 879, 884 (App. 2006)). "When there has been a belated discovery

of the cause of action, the issue whether the plaintiff exercised reasonable diligence is a question of fact for the court or jury to decide." Thomas, 126 Hawai'i at 133, 267 P.3d at 1238 (quoting Vidinha, 112 Hawai'i at 342, 145 P.3d at 885).

The Circuit Court's analysis regarding the time within which a reasonably diligent inquiry would have led the Schmidts to discover the fraudulent nature of the Transfers is a factual finding entitled to deference by this court. See id. COLs 6, 8, 9 and 10 are mixed questions of law and fact. As set forth above, the facts are supported by the record and not clearly erroneous.

The Circuit Court's finding -- that had the Schmidts conducted a reasonably diligent inquiry in aid of execution after obtaining judgment in their favor they reasonably would have discovered the fraudulent nature of the Transfers over one year before the filing of the complaint in this action -- is not clearly erroneous. Therefore, we conclude that the Circuit Court did not err in COLs 6, 8, 9 and 10.

(3) & (4) The Schmidts' third and fourth points of error present no additional argument, but state that because of the previously addressed arguments regarding the FOFs and COLs, the Final Judgment and Attorneys' Fees Order were also entered in error. As we have rejected the Schmidts' arguments above, we also conclude that the Circuit Court did not err in its entry of Final Judgment and its Attorneys' Fees Order.

(5) Appellees argue the Circuit Court erred in denying their request for attorneys' fees pursuant to HRS § 607-14 (2016)

in its Attorneys' Fees Order because the underlying HUFTA claim was in the nature of assumpsit.[3] We conclude that this argument is without merit. Hawai'i courts have recognized the tortious nature of HUFTA claims. See, e.g., Kekona v. Bornemann, 135 Hawai'i 254, 258, 265-67, 349 P.3d 361, 365, 372-74 (2015) ("[t]he Kekonas alleged, among other things, that the [subject] properties were fraudulently transferred in violation of [HUFTA]"; the supreme court upheld a $1,642,857.13 punitive damages award for HUFTA claims, noting that "$600,000 of the $1,642,857.13 punitive award is justified as compensation for attorney's fees and costs"). Like the Kekonas, the Schmidts' HUFTA claims sounded in tort and were not in the nature of

---

[3] HRS § 607-14 states, in relevant part:

§ 607-14 Attorneys' fees in actions in the nature of assumpsit, etc. In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written judgment, or, if the fee is not based on an hourly rate, the amount of the agreed upon fee. The court shall then tax attorneys' fees, which the court determines to be reasonable, to be paid by the losing party; provided that this amount shall not exceed twenty-five per cent of the judgment.
　　Where the note or other contract in writing provides for a fee of twenty-five per cent or more, or provides for a reasonable attorney's fee, not more than twenty-five per cent shall be allowed.
　　Where the note or other contract in writing provides for a rate less than twenty-five per cent, not more than the specified rate shall be allowed.
　　. . . .
　　The above fees provided for by this section shall be assessed on the amount of the judgment exclusive of costs and all attorneys' fees obtained by the plaintiff, and upon the amount sued for if the defendant obtains judgment.

assumpsit. Accordingly, we conclude that the Circuit Court did not err in denying Appellees' request for attorneys' fees pursuant to HRS § 607-14.

For these reasons, the Circuit Court's December 6, 2016 Final Judgment, October 19, 2016 FOFS and COLs, and December 8, 2016 Attorneys' Fees Order are affirmed.

DATED: Honolulu, Hawai'i, November 30, 2018.

On the briefs:

R. Steven Geshell,
for Plaintiffs-Appellants/
 Cross-Appellees.

Paul Alston,
for Defendants/Appellees/
 Cross-Appellants.

Chief Judge

Associate Judge

Associate Judge